UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA REVILLA,<br><br>          Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>          Defendant. | Case No. CV 08-2492 PJW<br><br>MEMORANDUM OPINION AND ORDER |

    Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying her application for Supplemental Security Income ("SSI"). Plaintiff contends that the ALJ erred when she failed to consider limitations caused by Plaintiff's non-severe depression when assessing Plaintiff's residual functional capacity. For the reasons explained below, the Court agrees that the ALJ erred, but finds that the error was harmless.

    On July 7, 2004, Plaintiff applied for SSI. (Administrative Record ("AR") 54-66.) The Agency denied the application initially and on reconsideration. (AR 35-39, 41-46.) Plaintiff then requested and was granted a hearing before an Administrative Law Judge ("ALJ"). (AR 47-49.) On October 5, 2006, Plaintiff appeared with counsel at the

hearing and testified. (AR 331-48.) On November 1, 2006, the ALJ issued a decision denying benefits. (AR 22-27.) Plaintiff appealed the decision to the Appeals Council, which denied her request for review. (AR 5-7.) She then commenced this action.

Plaintiff contends that the ALJ erred by failing to take into account in the residual functional capacity assessment the mild limitations caused by her non-severe depressive disorder. (Joint Stip. at 5-9.) For the following reasons, the Court agrees that the ALJ erred in not taking them into account but concludes that the error was harmless because it did not affect the ultimate determination that Plaintiff was not disabled.

Psychiatrist Ernest Bagner III, examined Plaintiff at the Agency's request on August 17, 2004 and May 5, 2005. He diagnosed her with depressive disorder, not otherwise specified, and assigned Global Assessment of Functioning ("GAF") scores of 74 and 73, respectively. (AR 134, 228.) Dr. Bagner concluded after the 2004 examination that Plaintiff would have no limitations interacting with supervisors, peers, and the public; zero to mild limitations completing simple tasks, and maintaining concentration and attention; and mild limitations completing complex tasks, completing a normal work week without interruption, and handling normal stresses at work. (AR 134-35.) He reached identical conclusions after the 2005 examination, except that he found that she would have "mild to moderate" limitations handling normal stresses at work. (AR 228-29.)

On September 22, 2004, state agency reviewing psychiatrist Robert Ferrell reviewed the medical record and completed a Psychiatric Review Technique Form. In it, he opined, based on Dr. Bagner's 2004 findings, that Plaintiff's non-severe affective disorder would impose

1  no more than "mild" restrictions on her activities of daily living,
2  ability to maintain social functioning, and ability to maintain
3  concentration, persistence, and pace.  (AR 147, 157, 159.)
4       In her decision, the ALJ found that Plaintiff's depressive
5  disorder was non-severe, (AR 23-24), a finding Plaintiff does not
6  challenge here.  The ALJ determined that Plaintiff had the residual
7  functional capacity to do light work, with no limitations.  (AR 24.)
8  The ALJ noted Dr. Bagner's findings regarding Plaintiff's limitations,
9  but found, without further explanation, that "none of these
10 limitations would prevent unskilled work activities."  (AR 25.)
11 Relying on the testimony of a vocational expert, the ALJ determined
12 that Plaintiff had no past relevant work but could do other work in
13 the economy, such as production assembler, inspector, and packer.  (AR
14 26, 347.)  The ALJ also found that Plaintiff was not disabled under
15 the Medical-Vocational Guidelines ("the Grids").  (AR 26.)
16      Plaintiff argues that the ALJ was required to consider the
17 limitations found by Dr. Bagner even though Plaintiff's depressive
18 disorder was non-severe.  (Joint Stip. at 5-7.)  The Court agrees.
19      Social Security Ruling ("SSR") 96-8p provides:
20      In assessing [residual functional capacity], the adjudicator
21      *must* consider limitations and restrictions imposed by all of
22      an individual's impairments, even those that are not "severe."
23      While a "not severe" impairment(s) standing alone may not
24      significantly limit an individual's ability to do basic work
25      activities, it may--when considered with limitations or
26      restrictions due to other impairments--be critical to the
27      outcome of a claim.
28 SSR 96-8p (emphasis added).

1    This language echoes the governing regulations, which provide
2 that the Agency "will consider all of your medically determinable
3 impairments of which we are aware, including your medically
4 determinable impairments that are not 'severe' . . . when we assess
5 your residual functional capacity." 20 C.F.R. § 416.945(a)(2). The
6 ALJ's failure to consider these limitations was error. The issue that
7 remains is whether the error was harmless. For the following reasons,
8 the Court concludes that it was.
9    In the Social Security context, an error is harmless if it is
10 "inconsequential to the ultimate nondisability determination." *Stout*
11 *v. Comm'r*, *Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The
12 ALJ's failure to consider the limitations caused by Plaintiff's non-
13 severe depression in assessing Plaintiff's residual functional
14 capacity was harmless because these limitations did not significantly
15 limit her ability to work. *See, e.g., Hoopai v. Astrue*, 499 F.3d
16 1071, 1076-77 (9th Cir. 2007). For that reason, the ALJ was not
17 required to call a vocational expert and could have based her finding
18 that Plaintiff was not disabled solely on the Grids. *Id.* The ALJ
19 did, in fact, rely on the Grids as an alternative basis for finding
20 Plaintiff not disabled. As such, the ALJ's decision is supported by
21 substantial evidence.
22    Plaintiff disagrees. She argues that the ALJ's decision should
23 be reversed because it is contrary to Dr. Bagner's finding that
24 Plaintiff could not handle the stresses of work and complete a normal
25 workweek. (Joint Stip. at 8.) The record does not support this
26 argument. Dr. Bagner never found that Plaintiff could not handle the
27 stresses of work and complete a normal workweek. He found that
28 Plaintiff would have mild to moderate limitations handling normal

stresses at work and mild limitations completing a normal workweek without interruption. (AR 228-29.) These limitations would not interfere with Plaintiff's ability to work. *See, e.g., Hoopai,* 499 F.3d at 1076-77.

    Plaintiff also argues that the ALJ's finding was inconsistent with the vocational expert's testimony that Plaintiff's inability to work less than eight hours prevented her from maintaining gainful employment. (Joint Stip. at 8.) This argument, too, is rejected. First, there was no need to call a vocational expert because Plaintiff's non-exertional limitations stemming from her depression were negligible. Thus, the vocational expert's testimony was not relevant. Second, the vocational expert did not testify that an individual who could not work eight hours a day could not maintain employment. Rather, she testified that someone who could work a maximum of only two hours a day would not be able to hold down a job. (AR 347-48.)

    In the end, the Court concludes that the record establishes that there were few if any limitations or restrictions caused by Plaintiff's non-severe depression. And those that were present would not have affected Plaintiff's ability to hold down a job. Thus, the ALJ's conclusion that Plaintiff was not disabled is supported by substantial evidence in the record and is affirmed.

    IT IS SO ORDERED.

    DATED: September  29 , 2009.

                                  PATRICK J. WALSH
                                  UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\REVILLA, O 2492\Memo_Opinion.wpd